IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
ROBERT HOOD and CHARLES HOOD,  }
et al., etc.,                  }
                               }
      Plaintiffs,              }   CIVIL ACTION NO.
                               }   02-AR-3123-S
v.                             }
                               }
AT&T CORPORATION,              }
                               }
      Defendant.               }
```

FILED 03 MAR 27 PH 3:17 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED MAR 27 2003

## MEMORANDUM OPINION

On February 27, 2003, this court entered an order holding in abeyance plaintiffs' motion to remand the above-entitled case. In the last sentence of said order, this court said: "If this case is not transferred to the MDL, the court will refocus its attention on plaintiffs' motion to remand." As yet, the case has not been transferred to the MDL. On March 11, 2003, plaintiffs filed a motion for reconsideration of the order of February 27, 2003.

Although this court recognizes the efficacy of the MDL procedure in dealing with complex litigation involving similar cases in many locations, this court on February 27, 2003, contemplated an early ruling by the MDL on the question of transfer. Without assessing blame for the delay, the court concludes that it has no obligation to wait for an indeterminate period for the MDL to decide on the transfer issue, or to require plaintiffs to wait, especially inasmuch as the court is satisfied that it lacks subject matter jurisdiction and therefore that the MDL would also lack jurisdiction if the case were transferred to it. One of the orders entered by a district judge holding in abeyance a motion to



remand in a similar case, and cited among the eight cases attached to the declaration of Michael Doss filed on March 14, 2003, in opposition to plaintiffs' present motion, is as old as May 24, 2002. None of the eight motions to remand have been ruled on.

The motion to remand this case should be granted for the reasons earlier assigned and argued by plaintiffs, and because when this court entered its order of February 27, 2003, *Geddes v. American Airlines, Inc.*, ___ F. 3d ___, 2003 WL 367918, decided by the Eleventh Circuit on February 21, 2003, was not available to the parties or to this court. In *Geddes*, the Eleventh Circuit elaborated upon and made quite clear it disinclination to allow a removal pursuant to 28 U.S.C. § 1331, when it is based not on a federal cause of action but on some allegedly overriding federal interest in the subject matter of the controversy, that is, if the state court had original jurisdiction. In other words, it now appears that the Eleventh Circuit has repudiated the only basis upon which defendant based its notice of removal.

A separate appropriate order will be entered to effectuate this opinion.

DONE this 27th day of March, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE